TMLF HAWAII, LLLC
ALEX SCHULZ #10853
Ali'i Place
1099 Alakea Street, Suite 1500
Honolulu, HI 96813
Telephone: 808-489-9741
Facsimile: 808-489-9835
TMLF File No. 171021

Attorneys for Movant,
The Bank of New York Mellon, F/K/A The Bank of New York as trustee for registered Holders of CWABS, Inc., Asset-Backed Certificates, Series 2006-23, its successors and/or assigns

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>Ward Hiroshi Yamamoto,<br><br>               Debtor. | Case No. 23-00600<br><br>Chapter 13<br><br>MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; EXHIBITS "A" THROUGH "E"<br><br><u>Hearing:</u><br>Date: 01/16/2024<br>Time: 09:30 AM<br>Judge: Hon. Robert J. Faris<br><br><u>Property Address:</u><br>99-526 Aiea heights Drive<br>Aiea, HI 96701-3517 |

**<u>MOTION FOR RELIEF FROM THE AUTOMATIC STAY</u>**

      The Bank of New York Mellon, F/K/A The Bank of New York as trustee for registered Holders of CWABS, Inc., Asset-Backed Certificates, Series 2006-23, its successors and assigns, ("Movant") hereby moves this Court for an order pursuant to 11 U.S.C. §§ 362(d)(1) and 1301(a) terminating the automatic stay as to the Debtor's, Co-Debtor(s), and the bankruptcy estate, allowing Movant to proceed with and complete any and all contractual and/or statutory foreclosure

1

remedies incident to its security interest held in the real property commonly described as 99-526 Aiea Heights Drive, Aiea, HI 96701-3517 ("Property").

Carrington Mortgage Services is the authorized servicing agent for The Bank of New York Mellon, F/K/A The Bank of New York as trustee for registered Holders of CWABS, Inc., Asset-Backed Certificates, Series 2006-23, its successors and assigns, ("Movant"). Movant further moves that, absent objection, the provisions of F.R.B.P. 4001(a)(3) be waived to avoid further deterioration of Movant's secured position. The facts and circumstances supporting this Motion are set forth in the Declaration in Support of Motion for Relief from the Automatic stay filed contemporaneously herewith.

I. **STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**

1. On 08/01/2023, Ward Hiroshi Yamamoto ("Debtor"), filed a voluntary petition under Chapter 13 of Title 11 of the United States Code. As a result of the filing, certain acts and proceedings against Debtor, Co-Debtor(s), and the bankruptcy estate are stayed as provided in 11 U.S.C. §§ 362(a) and 1301(a).

2. The Debtor's Plan has not been confirmed.

3. Nima Ghazvini is the duly appointed Chapter 13 Trustee in the case. To the extent that the relief sought herein is granted, Nima Ghazvini should be bound by any such Order.

4. Debtor Ward Hiroshi Yamamoto, Clara Kiyoko Yamamoto and Dale Reiko Yamamoto ("Co-Borrowers") executed and delivered or are otherwise obligated with respect to that certain promissory note in the original principal amount of $910,000.00 ("Note"). A true and correct copy of the Note is attached to the Motion as **Exhibit "A"**.

5. Pursuant to that certain Mortgage recorded 01/08/2007 (the "Mortgage"), all obligations, under and with respect to the Note and the Mortgage (collectively, the "Obligations"), of Debtor and Co-Borrowers are secured by the Property. A true and correct copy of the Mortgage is attached to the Motion as **Exhibit "B"**.

6. All rights and remedies under the Mortgage have been assigned to the Movant pursuant to that certain assignment of mortgage (the "Assignment"). A true and correct copy of the Assignment is attached to the Motion as **Exhibit "C"**.

7. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant. Movant directly or through an agent, has possession of the promissory note. Movant will enforce the promissory note as transferee in possession. Movant is the original mortgagee, or beneficiary, or the assignee of the Mortgage.

8. As evidenced by the assignments, endorsement, and/or allonges attached to the Note, the Note has been endorsed in blank. Movant is an entity entitled to enforce the Note because Movant is in possession, either directly or through the use of an authorized agent/or document custodian, of the Note endorsed in blank.

9. On or about 08/22/2023, Debtor filed a proposed Chapter 13 Plan ("Plan") in the Bankruptcy Action. A true and correct copy of Debtor's proposed Plan is attached hereto as **Exhibit "D"** and is incorporated herein by reference as though set forth in full.

## II. DEFAULT

10. A default exists under the Note for failure to make payments.

11. As of 12/14/2023, the Debtor has failed to make post-petition installment payments with respect to the Note, and the post-petition arrearage is as follows:

| Number of Payments | Payment Amount | Payment Dates | Total |
|---|---|---|---|
| 4 | $9,573.25 | 09/01/2023 – 12/01/2023 | $38,293.00 |
| Less Suspense: | | | ($0.00) |
| **Total** Post-Petition Payments due as of 12/14/2023: | | | **$38,293.00** |

12. An additional payment will come due on January 01, 2024, and will continue to come due on the 1st day of each month thereafter until the Note is paid in full.

13. Attached hereto as **Exhibit "E"**, is a true and correct copy of Debtor's post-petition payment history which is incorporated herein by reference.

14. As of 12/14/2023, the outstanding obligations are:

| | |
|---|---|
| Unpaid Principal Balance: | $906,660.83 |
| Accrued Interest: | $918,534.31 |
| Fees: | $35,415.33 |
| Funds owed by borrower: | $24,364.12 |
| Suspense: | ($5,867.25) |
| **Minimum Outstanding Obligations**: | **$1,879,107.34** |

15. Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay and foreclose if necessary.

### III. LEGAL ARGUMENT

### A. MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. 362(d)(1)

Section 362(d)(1) provides, in pertinent part:
(d)  On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
  (1)  For *cause*, including the lack of adequate protection of an interest in property of such party in interest…

Cause includes a debtor's lack of equity in a property, a debtor's failure to make mortgage payments, and lack of adequate protection of a creditor's interest in the property.

Movant submits that adequate protection in this case requires payment, as called for by the Note, and cure of all defaults to Movant including all attorneys' fees and costs incurred in the filing

4

of this motion. *See, e.g., W. Equities Inc. v. Harlan (In re Harlan)*, 783 F.2d 839, 841 (9th Cir. 1986); *In re Ellis*, 60 BR. 432, 435 (9th Cir. BAP 1985) (Debtor's post-confirmation default can provide good cause for relief from the automatic stay).

Movant is informed and believes the Debtor is unwilling or unable to provide adequate protection to Movant and there is no probability adequate protection can be afforded to Movant within a reasonable time based upon the Debtor's failure to make post-petition payments.

By reason of the foregoing, Movant is entitled to relief from stay under 11 United States Code section 362(d)(1).

WHEREFORE, Movant prays that this Court issue an Order granting the following:

1. Terminating or modifying the stay, as to the Debtor and Debtor's bankruptcy estate, allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property;

2. For relief from the co-debtor stay under 11 U.S.C. § 1301(a);

3. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code;

4. That the fourteen (14) day stay under F.R.B.P. 4001 (a)(3) be waived; and

5. For such other relief as the Court deems proper.

Dated: 12/15/2023

/s/ Alex Schulz
TMLF HAWAII, LLLC
Alex Schulz
Attorneys for Movant