TMLF HAWAII, LLLC
ALEX SCHULZ #10853
Ali'i Place
1099 Alakea Street, Suite 1500
Honolulu, HI 96813
Telephone: 808-489-9741
Facsimile: 808-489-9835
TMLF File No. 171021

Attorneys for Movant,
The Bank of New York Mellon, F/K/A The Bank of New York as trustee for registered Holders of CWABS, Inc., Asset-Backed Certificates, Series 2006-23, its successors and/or assigns

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>Ward Hiroshi Yamamoto,<br><br>Debtor. | Case No. 23-00600<br><br>Chapter 13<br><br>DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY<br><br>Property Address<br>99-526 Aiea heights Drive<br>Aiea, HI 96701-3517 |

I, _Elsa C Arroyo_, declare as follows:

1. I am employed as a(n) _Servicing Agent_ with Carrington Mortgage Services ("Servicer") authorized servicing agent for The Bank of New York Mellon, F/K/A The Bank of New York as trustee for registered Holders of CWABS, Inc., Asset-Backed Certificates, Series 2006-23, its successors and assigns ("Movant"). I am authorized to sign this declaration on behalf of Movant with respect to a certain loan (the "Loan") provided to Debtor and Co-Borrowers, which Loan is evidenced by the Note (defined below) and secured by the Mortgage (defined below). This Declaration is provided in support of the Motion for Relief from Stay filed by the Movant in this proceeding (the "Motion").

1

2. As part of my job responsibilities for Servicer, I am familiar with the types of records maintained by Servicer in connection with the Loan and the procedures for creating those types of records. I have access to and have reviewed the books, records and files of Servicer that pertain to the Loan and extensions of credit given to Debtor and Co-Borrowers concerning the Property (defined below).

3. The information in this declaration is taken from Servicer's business records regarding the Loan. I have personal knowledge of Servicer's procedures for creating these types of records. The records are: (a) made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; (b) kept in course of Servicer's regularly conducted business activities; and (c) it is the regular practice of Servicer to make such records.

4. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant. Movant directly or through an agent, has possession of the promissory note. Movant will enforce the promissory not as transferee in possession. Movant is the original mortgagee, or beneficiary, or the assignee of the Mortgage.

5. Ward Hiroshi Yamamoto ("Debtor"), Clara Kiyoko Yamamoto and Dale Reiko Yamamoto ("Co-Borrowers") executed and delivered or are otherwise obligated with respect to that certain promissory note in the original principal amount of $910,000.00 ("Note"). A true and correct copy of the Note is attached to the Motion as **Exhibit "A"**.

6. As evidenced by the assignments, endorsement, and/or allonges attached to the Note, the Note has been endorsed in blank. Movant is an entity entitled to enforce the Note because Movant is in possession, either directly or through the use of an authorized agent/or document custodian, of the Note.

7. Pursuant to that certain Mortgage recorded 01/08/2007 (the "Mortgage"), all obligations, under and with respect to the Note and the Mortgage (collectively, the "Obligations"), of Debtor and Co-Borrowers are secured by the real property located at 99-526 Aiea Heights Drive,

Aiea, HI 96701-3517 ("Property"). A true and correct copy of the Mortgage is attached to the Motion as **Exhibit "B"**.

8. All rights and remedies under the Mortgage have been assigned to the Movant pursuant to that certain assignment of mortgage (the "Assignment"), a true and correct copy of which is attached to the Motion as **Exhibit "C"**.

9. As of 12/14/2023, the Debtor has failed to make post-petition installment payments with respect to the Note, and the post-petition arrearage is as follows:

| Number of Payments | Payment Amount | Payment Dates | Total |
|---|---|---|---|
| 4 | $9,573.25 | 09/01/2023 – 12/01/2023 | $38,293.00 |
| Less Suspense: | | | ($0.00) |
| **Total** Post-Petition Payments due as of 12/14/2023: | | | **$38,293.00** |

10. An additional payment will come due on January 01, 2024, and will continue to come due on the 1st day of each month thereafter until the Note is paid in full.

11. Attached hereto as **Exhibit "E"**, is a true and correct copy of Debtor's post-petition payment history which is incorporated herein by reference.

12. As of 12/14/2023, the outstanding obligations are:

| Unpaid Principal Balance: | $906,660.83 |
|---|---|
| Accrued Interest: | $918,534.31 |
| Fees: | $35,415.33 |
| Funds owed by borrower: | $24,364.12 |
| Suspense: | ($5,867.25) |
| **Minimum Outstanding Obligations:** | **$1,879,107.34** |

Pursuant to 28 U.S.C § 1746, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

3

Executed this __15__ day of __December__, 2023.

_____
Name: Elsh C Armijo
Title: Servicing Agent